UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA STATTON,

    Plaintiff,

v.                              Case No. 8:19-cv-485-T-33CPT

FLORIDA FEDERAL JUDICIAL
NOMINATING COMMISSION and
CARLOS LOPEZ-CANTERA,

    Defendants.
_____/

**ORDER**

Before this Court is Defendant Carlos Lopez-Cantera's Motion to Dismiss (Doc. # 7), filed on March 29, 2019. Plaintiff Joshua Statton responded in opposition on March 31, 2019 (Doc. # 8), and Lopez-Cantera replied on April 5, 2019. (Doc. # 10). For the reasons that follow, the motion is granted and the case is dismissed for lack of subject matter jurisdiction.

**I. Background**

Statton brings this Freedom of Information Act (FOIA) action against Defendant Florida Federal Judicial Nominating Commission (FFJNC) and Lopez-Cantera, the chair of the FFJNC. (Doc. # 1). According to Statton, Lopez-Cantera and the FFJNC — formed by Senator Marco Rubio and then-Senator Bill Nelson

to select federal judicial candidates for recommendation to the President — are withholding records on a judicial nominee that Statton requested under FOIA. (Id. at ¶¶ 4, 6, 20). Lopez-Cantera has now moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Statton has failed to state a claim because the FFJNC is not an "agency" as defined by FOIA. (Doc. # 7).

In support of his motion, Lopez-Cantera attaches the FFJNC's rules of procedure. (Doc. # 7-1). According to the rules, "[u]pon the request of the President of the United States, Florida's United States Senators provide to the President the names of persons to be considered for nomination to be U.S. District Judge for the [federal districts within Florida]." (Id. at 2). Thus, Florida's U.S. Senators jointly established the FFJNC "to conduct a selection process that identifies the most qualified finalists to serve" as U.S. district court judges in Florida. (Id.). "At the request of the Senators, the [FFJNC must] commence the selection process by inviting applications for specified positions." (Id.). After the FFJNC selects the finalists, the Senators will interview those finalists. (Id. at 2-3). If neither Senator objects to the finalists, the Senators will "transmit to the White House a list of finalists." (Id. at 3, 6-7).

The rules further provide that in addition to the two founding Senators, membership consists of individuals selected by the Senators who "may be members of the Florida Bar or the general public." (Id. at 3). Because membership is voluntary, members "are responsible for all expenses associated with their service on the [FFJNC]." (Id. at 4). The terms of all members "end on the second anniversary of appointment or the last day of the Congress during which the member serves, whichever comes first." (Id.). The rules imply they are applicable for the "2017-2019 Term," and Lopez-Cantera notes the FFJNC lapsed at the conclusion of the 115th Congress on January 3, 2019. (Id. at 2; Doc. # 7 at ¶ 6). Thus, the FFJNC appears to be a temporary commission.

Statton responded to Lopez-Cantera's motion to dismiss arguing the FFJNC is an agency as defined by FOIA because it is an establishment in the executive branch. (Doc. # 8 at 4-5). At the Court's direction, Lopez-Cantera filed a reply addressing Statton's contention that the FFJNC is an executive – rather than a legislative – agency subject to FOIA. (Doc. ## 9-10).

II. **Legal Standard**

Lopez-Cantera moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6). (Doc. # 7 at 1).

However, "FOIA grants district courts jurisdiction" only where the plaintiff "show[s] that the agency has 1) improperly 2) withheld 3) agency records from [him]. Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." Alley v. U.S. Dep't of Health & Human Servs., 590 F.3d 1195, 1202-03 (11th Cir. 2009) (citations and quotation marks omitted); see also U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) ("Unless each of these criteria is met, a district court lacks jurisdiction."). Thus, the determination of whether an entity meets the definition of an agency under FOIA is a jurisdictional question. Alley, 590 F.3d at 1202-03; see also Pavlenko v. Dep't of Treasury Internal Revenue Serv., 356 F. App'x 293, 295 (11th Cir. 2009) (affirming dismissal of FOIA action for lack of subject matter jurisdiction).

The Court acknowledges that the Eleventh Circuit recently cited Main Street Legal Services, Inc. v. National Security Council, 811 F.3d 542, 566-67 (2d Cir. 2016), in which the Second Circuit held whether an agency is subject to FOIA should be determined on the merits and not on a motion to dismiss for lack of subject matter jurisdiction. See Sikes

v. U.S. Dep't of the Navy, 896 F.3d 1227, 1232 n.2 (11th Cir. 2018). Nevertheless, this Court is bound by the Eleventh Circuit's prior decisions "unless and until [they are] overruled by th[e] court en banc or by the Supreme Court." United States v. Brown, 342 F.3d 1245, 1246 (11th Cir. 2003). And regardless, the Eleventh Circuit has yet to expressly follow the Second Circuit's holding in Main Street Legal Services.

Therefore, the Court will consider Lopez-Cantera's motion a motion for lack of subject matter jurisdiction under Rule 12(b)(1). Furthermore, because jurisdiction is at issue, the Court will also determine whether the FFJNC is subject to FOIA, even though it has not yet made an appearance in this action. See (Doc. # 10 at 1 n.1); Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). When the jurisdictional attack is factual, the Court

may look outside the four corners of the complaint to determine if jurisdiction exists. Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 732 (11th Cir. 1982). In a factual attack, the presumption of truthfulness afforded to a plaintiff under Rule 12(b)(6) does not attach. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)). Because the very power of the Court to hear the case is at issue in a Rule 12(b)(1) motion, the Court is free to weigh evidence outside the complaint. Eaton, 692 F.2d at 732.

### III. **Analysis**

"FOIA generally requires agencies to make their records available to the public upon request, subject to certain exemptions." Sikes, 896 F.3d at 1233. FOIA incorporates the Administrative Procedure Act (APA)'s definition of "agency." 5 U.S.C. § 552(f)(1). Under FOIA, "agency" is defined as "each authority of the Government of the United States," which "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." Id. §§ 551(1); 552(f)(1). The definition of an agency also has numerous exclusions. For

example, the definition does not include Congress, legislative agencies, and entities established within the legislative branch. Id. § 551(1); Colonial Press Int'l, Inc. v. United States, 788 F.3d 1350, 1357 (Fed. Cir. 2015) ("'Congress' in § 551(1) refers to legislative agencies and departments generally."); Wash. Legal Found. v. U.S. Sentencing Comm'n, 17 F.3d 1446, 1449 (D.C. Cir. 1994) ("[W]e have interpreted the . . . exemption for 'the Congress' to mean the entire legislative branch [including legislative agencies].").

In this case, Lopez-Cantera is a private individual, not an agency. See Del Fuoco v. O'Neill, No. 8:09-cv-1262-T-27MAP, 2011 WL 601645, at *10 (M.D. Fla. Feb. 11, 2011) (noting the FFJNC's former chairman was not an agency as defined by 5 U.S.C. § 552(f)). Indeed, private individuals are not proper defendants in FOIA actions. See Dorn v. Comm'r, No. 2:03-cv-539-FtM-29SPC, 2004 U.S. Dist. LEXIS 18962, at *4-5 (M.D. Fla. Aug. 25, 2004) ("FOIA does not create a cause of action against individual employees of an agency."); Friedman v. F.B.I., 605 F. Supp. 306, 317 (N.D. Ga. 1981) ("[T]he language of the act clearly states that only an agency may be sued and the court has no jurisdiction over individual department heads."). Consequently, because Lopez-Cantera is

not an agency, he is not subject to FOIA. See Martinez v. U.S. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming dismissal of individual defendants in FOIA action); Petrus v. Bowen, 833 F.2d 581, 582-83 (5th Cir. 1987) (same).

The FFJNC does not fit within FOIA's definition of an agency either. Regardless of the statutory exclusions to the definition, the FFJNC must be an authority of the federal government to be an agency under FOIA. See New York v. Atl. States Marine Fisheries Comm'n, 609 F.3d 524, 532 (2d Cir. 2010) ("[T]he statutory exclusions from the coverage of the APA appl[y] only to bodies that would otherwise be 'authorit[ies] of the [g]overnment of the United States.'"); see also Int'l Brominated Solvents Ass'n v. Am. Conference of Governmental Indus. Hygienists, Inc., 393 F. Supp. 2d 1362, 1388 (M.D. Ga. 2005) (explaining an organization must first be considered a governmental entity to be an agency). This requires a "threshold showing of substantial federal supervision." Forsham v. Harris, 445 U.S. 169, 180 n.11 (1980); see also Robbins v. N.Y. Corn & Soybean Growers Ass'n, Inc., 244 F. Supp. 3d 300, 306 (N.D.N.Y. 2017) ("Courts have applied this same threshold showing to congressionally created commissions.").

The FFJNC was created by two Senators to assist them with their duties, but "the fact that federal interests are implicated by the activities of the [FFJNC] does not transform [it] into a federal entity [as defined by] the APA." Atl. States Marine Fisheries Comm'n, 609 F.3d at 535. Nor does the fact that Senators created the FFJNC and appointed its members mean it is an authority of the federal government. See Irwin Mem'l Blood Bank of S.F. Med. Soc. v. Am. Nat'l Red Cross, 640 F.2d 1051, 1056 (9th Cir. 1981) (holding the Red Cross was not an agency despite receiving federal funds, being required to report to the federal government, and having the President appoint some of its board of governors); Sklarski v. Niagara Falls Bridge Comm'n, No. 09-cv-633(MAT), 2016 WL 6893590, at *3 (W.D.N.Y. Nov. 23, 2016) (holding commission created by congressional joint resolution did not meet FOIA's definition of an agency). Relatedly, the FFJNC was formed by the Senators on their own initiative; it was not established – or even authorized – by statute.

Furthermore, besides the founding Senators, all of the FFJNC's members are volunteer individuals, not federal employees working for the FFJNC. Finally, the FFJNC is not financed by the federal government, as its members are required to cover their expenses associated with membership.

In sum, the FFJNC has some federal involvement, though it does not appear to be "extensive, detailed, and virtually day-to-day supervision." Forsham, 445 U.S. at 180.

Even if the Court were to hold that the FFJNC is an authority of the federal government, it would still be excluded from FOIA's definition of an agency. The FFJNC is comprised of two Senators and volunteer members of the Florida legal community appointed by those two Senators. It is not clear how an entity can meet FOIA's definition of an agency where it is comprised of individuals who are specifically excluded from the definition. See Mayo v. U.S. Gov't Printing Office, 9 F.3d 1450, 1451 (9th Cir. 1993) ("[T]he entire legislative branch has been exempted from [FOIA]."); Dow Jones & Co. v. U.S. Dep't of Justice, 917 F.2d 571, 574 (D.C. Cir. 1990) ("[M]embers of Congress are not within the definition of agency under FOIA."); Berg v. Obama, 574 F. Supp. 2d 509, 526-27 (E.D. Pa. 2008) (holding neither U.S. Senate Commission on Rules and Administration nor its chairman met FOIA's definition of an agency). At most, the FFJNC was established within the legislative branch. Yet, courts have held temporary commissions established within the legislative branch do not meet FOIA's definition of an agency. See Cause of Action v. Nat'l Archives & Records Admin., 753

F.3d 210, 212 (D.C. Cir. 2014) ("The Financial Crisis Inquiry Commission, established in the legislative branch, was therefore not an 'agency' subject to FOIA.").

Statton argues the FFJNC is an agency under FOIA because it is an extension or an establishment in the executive branch. (Doc. # 8 at 4-5). In support, Statton contends that the FFJNC assists the President with his constitutional duty to nominate federal judges under the Appointments Clause. (Id.). However, the FFJNC was created by members of the legislative branch — not by the President or any executive branch officials — and its members are either Senators or individuals appointed by Senators. Indeed, this is not a case where the President directed the formation of a nominating commission, such as when President Jimmy Carter did so by Executive Order. See Exec. Order No. 11972, 42 Fed. Reg. 9659 (1977) (establishing the U.S. Circuit Judge Nominating Commission); cf. Meyer v. Bush, 981 F.2d 1288, 1301 (D.C. Cir. 1992) (Wald, J., dissenting) ("The legislative history of the FOIA's expanded definition of 'agency' makes clear that entities created by executive order are sufficiently 'established' to fall within its ambit.").

Furthermore, the FFJNC does not report to the President or any executive branch officials. Instead, the FFJNC reports

to its two founding Senators, who in turn recommend judicial candidates to the President for nomination. Nevertheless, as Statton concedes, the President is not constitutionally or otherwise required to nominate judicial candidates recommended by the Senators. (Doc. # 8 at 4). See Lombardo v. Handler, 397 F. Supp. 792, 802 (D.D.C. 1975) ("Clearly, [the National Academy of Sciences] is not an 'establishment in the executive branch of the Government,' for it neither functions under the President nor was it created by Congress or the President.").

Nor does the FFJNC engage in any typical executive activities, such as "administer[ing] federal statutes, prosecut[ing] offenses, [or] promulgat[ing] rules and regulations." Dong v. Smithsonian Inst., 125 F.3d 877, 879 (D.C. Cir. 1997). Despite Statton's contention that the FFJNC assists the President, the FFJNC in fact assists the Senators who created it. See Del Fuoco, 2011 WL 601645, at *3 (noting the FFJNC's "selection process may accurately be described as quasi-legislative"). Of course, the President retains the exclusive power to nominate judges pursuant to the Appointments Clause. U.S. Const. art. II, § 2, cl. 2. Nonetheless, because the Appointments Clause does not specify any particular process to identify judicial nominees, the

President considers various sources of information and advice. See, e.g., Public Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 443 (1989) (explaining the role of the American Bar Association in providing the President advice on judicial nominations); In re Charge of Judicial Misconduct or Disability, 39 F.3d 374, 380 (D.C. Cir. 1994) ("[I]n the context of the President's exercise of the appointment power, the benefit of unfettered outside consultation is deemed so important that it may enjoy Constitutional protection."). For example, it is by well-established practice that U.S. Senators identify and recommend potential candidates for the President to nominate. See generally Denis Steven Rutkus, Cong. Research Serv., RL34405, Role of Home State Senators in the Selection of Lower Federal Court Judges 4 (Feb. 11, 2013) (noting "[b]y long long-standing custom, dating back to the early 1800s," Senators have recommended judicial candidates to the President for nomination).

The FFJNC's duties – such as identifying, evaluating, and suggesting judicial candidates to Senators – are separate and distinct from the President's duties under the Appointments Clause. Cf. Manshardt v. Fed. Judicial Qualifications Comm., 408 F.3d 1154, 1157 (9th Cir. 2005) ("[T]he Committee, which operates at the behest of [a private

13

citizen] and [U.S.] Senators Boxer and Feinstein to enable persons to offer a local perspective on potential nominees, is no more 'utilized' by the President in making nominations than was the ABA Committee at issue in Public Citizen."). Indeed, if the FFJNC were to exercise the same executive power to nominate judges as the President, the FFJNC's senatorial formation and composition would appear to violate the Constitution's separation of powers principles. See U.S. Const. art. II, § 2, cl. 2; Public Citizen, 491 U.S. at 442 (holding that applying the Federal Advisory Committee Act to a committee tasked with suggesting and evaluating judicial nominees "would present formidable constitutional difficulties").

Even if the Court held the FFJNC is an extension of the President through his appointment power, that would not transform the FFJNC into an agency because neither the President nor his advisers meet the definition of an agency. See Franklin v. Massachusetts, 505 U.S. 788, 800-01 (1992) (holding the President is not agency under the APA); Made in the USA Found. v. United States, 242 F.3d 1300, 1308 n.20 (11th Cir. 2001) ("[T]he President is not an 'agency' within the meaning of the APA."); Meyer, 981 F.2d at 1298 (holding the President's advisers were not an agency under FOIA); see

also Ryan v. U.S. Dep't of Justice, 617 F.2d 781, 789 (D.C. Cir. 1980) ("[H]ad the President's staff itself solicited these responses from Senators [on judicial nominations], the documents would not be agency records.").

In sum, the FFJNC is comprised of Senators and volunteer individuals appointed by Senators, it does not report to the President, and it assists Senators with their duties. Therefore, the FFJNC is not an establishment in the executive branch. See Dong, 125 F.3d at 879-80 (holding entity was not an establishment in the executive branch where all but two members of its board were either members of Congress or appointed by Congress, its secretary did not report to the President, and it did not engage in any typical executive activity). Instead, the FFJNC is — at most — an entity within the legislative branch. Consequently, the FFJNC is not an agency under FOIA. As a result, the FFJNC is not subject to FOIA's provisions.

## IV. Conclusion

As explained above, neither Lopez-Cantera nor the FFJNC meet the definition of an agency under FOIA. Consequently, this Court lacks subject matter jurisdiction. Alley, 590 F.3d at 1202-03; Pavlenko, 356 F. App'x at 295. Lopez-Cantera's motion (Doc. # 7) is granted, and Statton's motion for leave

to file sur-reply (Doc. # 11) is denied as moot. This action is dismissed for lack of subject matter jurisdiction.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Carlos Lopez-Cantera's Motion to Dismiss (Doc. # 7) is **GRANTED.**

(2) Plaintiff Joshua Statton's Motion for Leave to File Sur-Reply (Doc. # 11) is **DENIED AS MOOT.**

(3) Statton's Complaint (Doc. # 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(4) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of April, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE