```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

JOSHUA STATTON,

    Plaintiff,

v.                              Case No. 8:19-cv-485-T-33CPT

FLORIDA FEDERAL JUDICIAL
NOMINATING COMMISSION and
CARLOS LOPEZ-CANTERA,

    Defendants.

_____/

**ORDER**

Before this Court is Plaintiff Joshua Statton's Motion for Reconsideration of the Court's Dismissal of Plaintiff's Complaint Without Prejudice (Doc. # 13), filed on April 29, 2019. Defendant Carlos Lopez-Cantera responded in opposition on May 10, 2019 (Doc. # 16), and in response, Statton filed a Motion to Strike a Portion of Defendant's Response (Doc. # 18) on that same day. For the reasons that follow, the Motions are denied.

**I.  Legal Standard**

When, as here, a motion for reconsideration is filed within 28 days of an order, Rule 59 applies. Beach Terrace Condo. Ass'n, Inc. v. Goldring Inves., No. 8:15-cv-1117-T-33TBM, 2015 WL 4548721, at *1 (M.D. Fla. July 28, 2015). "The

only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." Anderson v. Fla. Dep't of Envtl. Prot., 567 F. App'x 679, 680 (11th Cir. 2014) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).

Granting relief under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. DeRochemont, No. 8:10-cr-287-T-24MAP, 2012 WL 13510, at *2 (M.D. Fla. Jan. 4, 2012) (citation omitted). Furthermore, "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005).

## II. Discussion

Statton filed this Freedom of Information Act (FOIA) case against Defendant Florida Federal Judicial Nominating Commission (FFJNC) and Lopez-Cantera, the chair of the FFJNC. (Doc. # 1). Later, Lopez-Cantera moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Statton failed to state a claim because the FFJNC is not an "agency" as defined by FOIA. (Doc. # 7). After carefully considering the parties' submissions, the Court dismissed the

action for lack of subject matter jurisdiction because neither Lopez-Cantera nor the FFJNC met the definition of an agency under FOIA. (Doc. # 12).

Now, Statton seeks reconsideration of the Court's Order dismissing this action, arguing there has been "a clear oversight by the Court." (Doc. # 13 at ¶ 1). Statton first takes issue with the Court's raising of jurisdictional concerns sua sponte. Specifically, Statton contends "this Court has deprived [him] of the opportunity to respond to dismissal of this action pursuant to Rule 12(b)(1) [because] Defendants did not raise 12(b)(1) grounds in their motion to dismiss." (Id. at ¶ 8). The determination of whether an entity meets the definition of an agency under FOIA is a jurisdictional question, and the sua sponte consideration of subject matter jurisdiction was an obligation demanded of this Court. See Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").

More importantly, regardless of whether this action was dismissed under Rule 12(b)(1) or 12(b)(6), the issue was whether Lopez-Cantera or the FFJNC met the definition of an

3

agency under FOIA. This issue was raised in Lopez-Cantera's motion to dismiss (Doc. # 7 at 2-5), and Statton addressed this issue in his response to that motion. (Doc. # 8 at 4-5). The Court concluded that Lopez-Cantera and the FFJNC were not agencies under FOIA, and this conclusion would have been the same under either Rule 12(b)(1) or 12(b)(6). Therefore, granting Statton another opportunity to address the agency issue would not have changed the outcome of this case.

Statton's contention that the Court should have granted his motion for leave to file a sur-reply is also misplaced. (Doc. # 13 at ¶ 7). Statton sought to file a sur-reply to address Lopez-Cantera's contention that the FOIA request was untimely. (Doc. # 11). Again, the issue was whether Lopez-Cantera and the FFJNC were agencies under FOIA, and the timeliness of Statton's FOIA request was immaterial to this issue. In other words, Statton's sur-reply would not have changed the outcome of this case either.

Statton also takes issue with the Court's conclusion that neither Lopez-Cantera nor the FFJNC met the definition of an agency under FOIA. In particular, Statton contends the Court erred when it held Lopez-Cantera was not a proper defendant because Lopez-Cantera was "named in his official capacity as Statewide Chair for FFJNC." (Doc. # 13 at ¶ 13).

4

Lopez-Cantera is an individual, not an agency as defined by FOIA, and naming Lopez-Cantera in his official capacity does not alter this conclusion. See, e.g., Springer v. Williams, No. 15-cv-0142-JED-FHM, 2015 WL 6627821, at *3 (N.D. Okla. Oct. 20, 2015) ("[T]o the extent Plaintiff seeks to hold liable individual defendants, sued in their official capacities as agency heads, Defendants' motion to dismiss shall be granted and Plaintiff's [FOIA] claims shall be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)."); Santini v. Taylor, 555 F. Supp. 2d 181, 184 (D.D.C. 2008) ("[T]his Court lacks jurisdiction to hear FOIA claims against individuals, even where such individuals are agency heads or other agency officials named in their official capacity.").

Statton further contends that the Court erred when it held the FFJNC did not meet the definition of an agency under FOIA. Noting the Court's consideration of the FFJNC's formation by U.S. Senators and the voluntary status of its members, Statton argues FOIA "does not make a document exempt from disclosure based on salary status of the agency's employees, nor does the statute exempt documents by virtue of who formed the agency." (Doc. # 13 at ¶ 10). Statton puts the cart before the horse by assuming the FFJNC is an agency under

5

FOIA. The FFJNC's formation and membership were among many factors that led to the Court's conclusion that the FFJNC was not an agency under FOIA. Many other factors led to this conclusion as well, such as a lack of both an enabling statute creating the FFJNC and funding from the federal government. (Doc. # 12 at 9-10). Statton ignores the fact that an entity must first be classified as an agency before it is subject to FOIA's disclosure obligations. His argument relies on FOIA's disclosure provisions, but it fails to consider the statute's definition of an agency.

Statton also argues "[t]here is precedent and strong case law that judicial nominating commissions in Florida have been found to be public entities subject to federal law." (Doc. # 13 at ¶ 11). Indeed, according to Statton, "[t]here is substantial case law in federal jurisdiction that this Court has subject matter jurisdiction over FFJNC." (Id. at ¶ 14). Yet the only case cited by Statton is <u>Doe v. Judicial Nominating Commission for the Fifteenth Judicial Circuit of Florida</u>, 906 F. Supp. 1534 (S.D. Fla. 1995). Notwithstanding the dearth of case law actually cited by Statton, <u>Doe</u> is entirely distinguishable from this case.

In <u>Doe</u>, the court held a state judicial nominating commission – which was created by the Florida constitution –

was a "public entity" — defined as "any department, agency . . . or other instrumentality of a State" — under the Americans with Disabilities Act (ADA). Id at 1538-40. By contrast, this case was about whether the FFJNC – which was formed by U.S. Senators on their own initiative – was an "agency" under FOIA, which is defined narrowly to include establishments within the executive branch. 5 U.S.C. § 552(f)(1). Whether the FFJNC meets the definition of a public entity under the ADA is immaterial to whether the FFJNC meets the definition of an agency under FOIA. Even if Doe provided the support Statton believes it does, neither Doe nor any other "substantial case law" demonstrating the FFJNC was an agency was cited in Statton's previous filings. See Michael Linet, Inc., 408 F.3d at 763 (holding a party cannot use a Rule 59(e) motion to raise arguments that could have been raised prior to the entry of judgment).

Finally, Statton suggests this Court consider recusal "[i]f [it] feels that this request hits too close to the Court, impacting its decision with respect to a potential judicial colleague." (Doc. # 13 at ¶ 16). The suggestion of recusal is unfounded, and Statton offers nothing more than a conclusory remark to establish otherwise. The fact that Statton disagrees with the Court's application of the law

7

does not suggest this Court has any conflict of interest that would justify recusal.

In sum, Statton's Motion for Reconsideration presents no newly-discovered evidence or manifest errors of law or fact that justify reconsideration of the Court's Order of dismissal. Consequently, the Motion for Reconsideration is denied.

Also pending before the Court is Statton's Motion to Strike a Portion of Defendant's Response. (Doc. # 18). Among other things, Lopez-Cantera's response to the Motion for Reconsideration states Statton "is free to contact the U.S. Senate Judiciary Committee to address his concerns and to request documents," but Statton "simply refuses to do so." (Doc. # 16 at 4). In response, Statton filed a Motion to Strike, arguing "this portion of [Lopez-Cantera's] response should be stricken, and/or Counsel [for Lopez-Cantera] should be sanctioned for making this misrepresentation to this Court." (Doc. # 18 at ¶ 7). According to Statton, Lopez-Cantera's statement is false because Statton cannot obtain the information he sought in his FOIA request from the U.S. Senate Judiciary Committee. (Id. at 1-2).

Statton's Motion to Strike is procedurally improper. To begin, it fails to cite any legal authority, such as Federal

Rules of Civil Procedure 11(c) and 12(f). See M.D. Fla. L. R. 3.01(a) (explaining motions must include a memorandum of legal authority in support of the request). Furthermore, motions to strike must be directed at pleadings, but responses to motions are not pleadings. See Polite v. Dougherty Cty. Sch. Sys., 314 F. App'x 180, 184 n.7 (11th Cir. 2008) ("[M]otions to strike are only appropriately addressed towards matters contained in the pleadings."); see also Fed. R. Civ. P. 7(a), 12(f). Additionally, Statton's Motion to Strike relies entirely on matters outside the parties' filings and pleadings. See Carlson Corp./S.E. v. Sch. Bd. of Seminole Cty., 778 F. Supp. 518, 519 (M.D. Fla. 1991) ("In evaluating a motion to strike, the court . . . cannot consider matters beyond the pleadings."). Likewise, Statton's request for sanctions is also procedurally improper. A motion for sanctions cannot be filed until twenty-one days after service of the motion and "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Statton's request for sanctions was included in his Motion to Strike and filed on the same day as Lopez-Cantera's response. For these reasons, Statton's Motion to Strike is also denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Joshua Statton's Motion for Reconsideration of the Court's Dismissal of Plaintiff's Complaint Without Prejudice (Doc. # 13) is **DENIED**.

(2) Statton's Motion to Strike a Portion of Defendant's Response (Doc. # 18) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of May, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE